UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KENNETH BONDERER, | No. 2:21-cv-1335 AC P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1 | exceptional circumstances that would warrant a request for voluntary assistance of counsel.
2 |     Plaintiff requests appointment of counsel on the grounds that he has no formal legal
3 | training and has been unable to find an attorney to represent him. ECF No. 13. These
4 | circumstances are common to most inmates and do not demonstrate the extraordinary
5 | circumstances necessary for the appointment of counsel.
6 |     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
7 | counsel (ECF No. 13) is denied.
8 | DATED: June 2, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE